COURT OF APPEALS
DECISION
DATED AND FILED

July 23, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP9-CR**

Cir. Ct. No. 2018CF3187

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TRAVARUS MARCELL PIERCE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: STEPHANIE ROTHSTEIN and MARK A. SANDERS, Judges. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Travarus Marcell Pierce appeals a judgment of conviction entered after a jury convicted him of child enticement and misdemeanor intimidation of a victim.  He also appeals an order denying postconviction relief.  On appeal, Pierce contends that the trial court committed plain error when it failed to instruct the jury on the meaning of "sexual contact" in its closing instructions.[1]  For the reasons discussed below, we affirm.

## BACKGROUND

¶2     K.L. lived with her mother in a downstairs apartment in Milwaukee. K.L.'s adult sister and her boyfriend, Pierce, lived upstairs.

¶3     In June 2018, when K.L. was thirteen years old, Pierce called K.L. and asked her if she wanted to come upstairs and babysit.  After K.L. went upstairs, Pierce locked the door behind her and asked her if she wanted to "dry hump."  When K.L. refused, Pierce gave her seven dollars and asked her to keep the conversation between them.

¶4     The following day, K.L. drafted a text message describing the "dry hump" incident and showed the text to her sister.[2]  K.L.'s sister asked her to come upstairs to discuss the matter.  Pierce was present.  K.L.'s sister then called their mother upstairs.  After K.L.'s mother heard the accusation, she called the police.

---

[1] The Honorable Stephanie Rothstein presided over the trial and sentencing.  The Honorable Mark A. Sanders issued the order denying the postconviction motion.  We refer to Judge Rothstein as the trial court and Judge Sanders as the postconviction court.

[2] The text message also referred to an incident a few months earlier during which Pierce asked K.L. if she wanted to be his "little girlfriend."  K.L. said "no," and Pierce responded "okay, big girl stuff" and told her "it's called you scratch my back, I scratch yours."

¶5      Pierce was charged with child enticement and misdemeanor intimidation of a victim.  Pierce's case proceeded to trial.

¶6      At the start of trial, the trial court instructed the jury on the elements of child enticement and the definition of "sexual contact."  The court explained in pertinent part that the State was required to prove beyond a reasonable doubt that:

> One, the defendant caused [K.L.] to go into a room.  Two, the defendant caused [K.L.] to go into a room with intent to have sexual contact with [K.L.]  "Sexual contact" is an intentional touching by the defendant of an intimate part of another done for the purpose of sexual arousal or gratification…. And, three, [K.L.] was under the age of 18 years.[3]

¶7      At the close of the evidence, the trial court instructed the jury again regarding the elements of child enticement, but neglected to repeat the definition of "sexual contact."  Trial counsel did not object.

¶8      The jury found Pierce guilty of both counts.  Pierce was sentenced to two years of initial confinement and four years of extended supervision on the child enticement count and a consecutive sentence of six months of jail on the misdemeanor intimidation of a victim count.

---

[3] Pierce observes that the trial court erroneously instructed the jury that it had to find that K.L. was under the age of 18, instead of 16.  *See* WIS JI—CRIMINAL 2134, n.2; WIS. STAT. § 948.02(2) (2021-22).  Pierce, however, states he does not challenge this portion of the instruction as it was established at trial that K.L. was under the age of 16 at the time of the alleged child enticement.  Accordingly, we do not discuss this portion of the instruction further.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶9     After sentencing, Pierce filed a postconviction motion requesting a new trial. Pierce argued that the trial court committed plain error when it failed to instruct the jury on the meaning of "sexual contact" in its closing instructions.

¶10     After briefing, in a written decision, the postconviction court denied Pierce's request for a new trial finding that the trial court's instruction error was harmless. This appeal follows.

## ARGUMENT

¶11     On appeal, Pierce renews his argument that the trial court committed plain error when it neglected to instruct the jury on "sexual contact" in its closing instructions.

¶12     As the parties observe, there was no objection to the trial court's error. As a result, the parties construe Pierce as having forfeited his appellate claim. *See* *State v. Ndina*, 2009 WI 21, ¶30, 315 Wis. 2d 653, 761 N.W.2d 612.

¶13     To avoid forfeiture, Pierce invokes the plain error doctrine. Plain error is "error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." *State v. Jorgenson*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77 (one set of quotation marks and citation omitted).

¶14     In response, the State argues that the error here was not "obvious or fundamental." Additionally, the State argues that even if the error was plain, the error was harmless.

¶15     First, as a preliminary matter, this court has previously stated that the "plain error doctrine does not apply to review of unobjected-to jury instructions."

4

*State v. Martinez*, 210 Wis. 2d 396, 404 n.5, 563 N.W.2d 922 (Ct. App. 1997); *see also* *State v. Trammell*, 2019 WI 59, ¶25, 387 Wis. 2d 156, 928 N.W.2d 564 (stating that "the court of appeals has no power to reach an unobjected-to jury instruction"). Thus, we do not consider Pierce's plain error argument. *See id.*

¶16    Second, we question whether Pierce's challenge was in fact forfeited as the parties appear to believe. At the start of trial, the trial court instructed the jury on the elements of child enticement and the definition of "sexual contact." This tracks the standard child enticement jury instruction, which suggests that a court provide a definition of sexual contact. *See* WIS JI—CRIMINAL 2134, n.5. There is no indication on the record that the parties or the trial court intended to deviate from the standard jury instruction during the closing instructions. Rather, it seems that the trial court inadvertently omitted the definition of sexual contact.

¶17    WISCONSIN STAT. § 805.13(4) provides that the "[f]ailure to object to a material variance or omission between the instructions given and the instructions proposed does *not* constitute a waiver of error." (Emphasis added.) However, even if we assume that Pierce's challenge was in fact preserved for appeal, we conclude that any error was harmless.

¶18    An error is harmless if "it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *State v. Harvey*, 2002 WI 93, ¶49, 254 Wis. 2d 442, 647 N.W.2d 189 (citation omitted). We independently review whether an error was harmless. *State v. Williams*, 2015 WI 75, ¶34, 364 Wis. 2d 126, 867 N.W.2d 736.

¶19    Applying the standard here, we conclude that any error was harmless. If the jury had been told for a second time that sexual contact means "an intentional touching by the defendant of an intimate part of another done for

the purpose of sexual arousal or gratification," the jury would still have arrived at the same verdict.

¶20 At trial, K.L. testified that Pierce called her and asked her if she wanted to come upstairs and babysit. After K.L. went upstairs, Pierce locked the door behind her and asked her if she wanted to "dry hump." When K.L. refused, Pierce gave her seven dollars and asked her to keep the conversation between them. As the postconviction court observed in its decision, "[g]iven the unmistakable sexual nature of the intended contact," it is clear beyond a reasonable doubt that a rational jury would have found Pierce guilty absent the error. *See* **Harvey**, 254 Wis. 2d 442, ¶49.

¶21 Pierce argues that the jury could have found that his request to "dry hump" was not indicative of a "serious intent on his part to touch K.L. for sexual arousal or gratification." Pierce suggests that his comment may have been made in "jest" or "to cause K.L. to simply become uncomfortable." The seriousness of Pierce's intent, however, is supported by the testimony that after Pierce made the comment about dry humping, he paid K.L. off and asked her to keep the conversation between them.

¶22 Therefore, even if Pierce's jury instruction challenge is preserved, we conclude that any error was harmless and affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.